THEODORE SEIFERT, Respondent, *vs.* SARAH WITHINGTON, *et al.*, Appellants.

1. *Trespass—Parol license to occupy premises.*—The recipient of a parol license to occupy premises cannot be charged as a trespasser-or tort feasor.
2. *Forcible entry and detainer—Possession of premises in making repairs—Entrance in pursuance of orders, obtained by force.*—Where one receives the key to a house in order that he may make repairs therein, and is in possession and at work on the repairs in obedience to express directions, and using reasonable diligence to complete the work, when suit is brought against him for forcible entry and detainer, the action is premature and he cannot be held. And it makes no difference that in effecting an entrance into the house, in obedience to such orders, he is compelled to overcome obstacles placed there by plaintiff himself.
3. *Practice, civil—Instructions—Evidence.*—Where the evidence tends to establish a certain state of facts it affords basis for an instruction.

### *Appeal from Franklin Circuit Court.*

*James Halligan,* for Appellants, cited: Hall vs. Davis, 2 Car. & P. 687.

*John R. Martin,* for Respondent, cited: Beeler vs. Cardwell, 29 Mo. 72; Id. 33 Mo. 84; Harvie vs. Turner, 46 Mo. 444; Bartlett vs. Draper, 23 Mo. 407; DeGraw vs. Pryor, 53 Mo. 313.

SHERWOOD, Judge, delivered the opinion of the court.

Action for forcible entry and detainer of premises in the town of Pacific, brought December 2nd, 1871, before a justice of the peace, removed by *certiorari* to the circuit court and there tried in May, 1872, resulting in a judgment for the plaintiff.   Mrs. Withington had leased the premises to the plaintiff who had occupied them from December, 1870, until the next October, when he moved into another house still retaining possession of the front door key, but surrendered one of the back door keys to defendant at her request, in order to raise the building and make necessary repairs therein.   The alleged forcible entry is charged in the complaint to have occurred on the 16th day of November, 1871, although plaintiff in his testimony places the occurrence on the 17th of that month.   There was no rent due at that date, nor until the 16th of the next succeeding month, and the rent as falling due has been continuously tendered, but as often refused.   On the 15th of November, or the day before the alleged forcible en-try took place, and while the repairs commenced by defendant were in progress, plaintiff served a notice on defendant requiring her to finish the repairs in the least possible time, or else he would sue for damages, and also notifying her that she would be held accountable during such period as the premises were rendered un-tenable by reason of the repairs.   The defendant insists that the repairs were not completed until the 25th of December, while, on the contrary, plaintiff states that after the completion of the re-pairs, he, on the 16th day of November, opened the front door and put in some nails and salt, and then fastened the back door " so nobody could get in."   This was done, not with a key, though plaintiff had one as he himself testifies, but with a brace placed against the door and nailed to the floor.   There was no testi-mony tending to show that plaintiff had ever demanded the key obtained from him by defendants; and the latter claim that they proceeded on the 16th day of November to the building to continue the repairs, found the back door fastened on the inside, and after striking against it the force of the blow shook a glass loose, and they were thus enabled to remove the

brace, open the door, and proceed with the work already begun. So that the chief point of dispute in the evidence adduced by the parties litigant is on the question whether the entry was effected through the back door, in the manner above stated, previously or subsequently to the completion of the repairs ; the defendants affirming the former, the plaintiffs the latter.

The cause was tried without the intervention of a jury. For the plaintiffs the usual stereotyped declaration of law was given that the title to the premises in question was not involved; but only whether the plaintiff or defendants were entitled to possession, at the time of the alleged forcible entry, and that if plaintiff was in peaceable possession of the premises, and defendants at the time mentioned in the complaint, and against plaintiff's will, took possession thereof, judgment must go for plaintiff.

And the law was also declared in plaintiff's behalf, that it was not necessary for him to stand on the land, etc., in order to retain possession, but that any act evincive of an intention not to abandon possession was sufficient, etc. There is perhaps no serious objection to these declarations, but it is unnecessary to scan or discuss them very narrowly at the present time, as error was committed in the refusal of a declaration of law asked by defendants to the effect: that if plaintiff gave the key of the building to the defendants in order for them to make repairs, and by such means they obtained possession and were thus possessed and engaged in making repairs at the time they were charged with forcible entry, etc., that judgment should go in their favor.

The above declaration asserts the quite familiar principle that the recipient of a parol license cannot be charged as a trespasser or *tort feasor*, for doing that which he has already received permission to do.

And the mere fact that defendants in prosecuting the work of repair encountered and overcame an obstacle, placed in their way by the plaintiff himself, does not at all alter the complexion of this case ; for not only had plaintiff given his implied assent to the repairs being made, by moving out of the house and surrendering the back door key, but on the day before the alleged forcible

entry occurred, had by express and written notice threatened litigation, in the event that those repairs were not rapidly pushed to completion. Under these circumstances, to permit the plaintiff by barricading the door, and so compelling the defendants to force an entrance in order to do what he had insisted should be speedily done, and then to take advantage of his own wrong and hold them as for a forcible entry, in simply complying both with his unrevoked parol license and written behest, would scarcely be consonant with generally received ideas of native justice.

Of course these remarks are based on the assumption that the theory of defendant respecting the time when the repairs were completed is the correct one. But it is immaterial whether this assumption be true or otherwise, since the evidence tended to establish its correctness, and therefore this was sufficient to warrant that the law be declared as defendants asked.

Again, while it is undoubtedly true that defendants should on completion of repairs have surrendered the house, yet it is equally true that if those repairs, pushed with reasonable diligence towards completion, were not complete at the institution of this suit, plaintiff's action was prematurely brought.

In order that the cause may be properly tried and the law correctly declared we shall reverse the judgment and remand the proceedings; all the judges concur.